PER CURIAM.
Hill appeals from a final order of the Florida Department of Transportation (FDOT) revoking appellant’s disadvantaged business enterprise certification (DBE). While Hill does not contest the revocation of his DBE status based upon current rules and statutes, he asserts that FDOT improperly included findings concerning his actual economic and social status. We agree.
Hill contends that the findings should be limited to Hill’s concession that absent the rebuttable presumption contained in Florida Administrative Code Rule 14-78.002, the presumption being that certain Native Americans are socially and economically disadvantaged, Hill could not prevail in this proceeding. We agree that the findings should be so limited.
Hill urges us to strike the underlined portion of the conclusion of law number 4 in the department’s order. This paragraph states: ■ -
4. There are no disputed issues of material fact regarding Hill’s presumptive status, nor are there disputed facts regarding Hill’s socially and economically disadvantaged status.
As neither the record nor the limited scope of Hill’s concession contained in his Motion for Determination That No Material Facts Are in Dispute support the latter portion of this conclusion, we order that portion be stricken. Hill has also urged us to strike conclusion of law number 7. This conclusion must be read in conjunction with conclusion of law number 6. These conclusions read:
6. Hill is not included in the class of individuals presumed to be socially and economically disadvantaged pursuant to Florida Administrative Code Rule 14-78.
7. Hill is not socially and economically disadvantaged as defined and set forth by the Rules, regulations and guidelines set forth herein.
We find that when read with conclusion of law number 6, conclusion of law number 7 is an accurate representation concerning the administrative proceedings.
We reverse and remand for removal of the language contained in conclusion of law number 4 concerning Hill’s actual and social economic status. In all other aspects we affirm the order of the department.
SHIVERS, MINER and WOLF, JJ., concur.